UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>MIGUEL NAVARRO-SANCHEZ,<br><br>              Defendant. | Case No. 3:16-cr-00013-HDM-WGC<br><br>ORDER |

Defendant Miguel Navarro-Sanchez has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 131 & 137). The government has opposed (ECF No. 139), and the defendant has replied (ECF No. 142).

The defendant was charged in this action with several drug-related offenses. Pursuant to an agreement, the defendant pleaded guilty to Count One of a superseding indictment, which charged conspiracy to possess with intent to distribute methamphetamine, heroin, and cocaine. The court thereafter sentenced the defendant to 97 months in custody. The defendant has served about 58 months of his 97-month sentence[1] and now seeks compassionate release pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

---

[1] The defendant's current projected release date is April 11, 2023. https://www.bop.gov/inmateloc/ (last accessed Jan. 14, 2021).

1

**Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because the defendant is not at least 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>        (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>        (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

While several circuit courts have recently concluded that § 1B1.13 does not apply at all to motions brought directly by the defendant, *United States v. McCoy*, -- F.3d --, 2020 WL 7050097, at *6-7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, -- F.3d --, 2020 WL 6817488, at *8-9 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, -- F.3d --, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020), the Ninth Circuit has not yet addressed the issue and, in its unpublished decisions, continues to cite § 1B1.13 as relevant authority in this context. *See, e.g.*, *United States v. Dvorak*, 2020 WL 7230602, at *1 (9th Cir. Dec. 8, 2020) (unpublished disposition). Other circuit courts also continue to identify § 1B1.13 as the applicable policy statement. *See United States v. Monaco*, 2020 WL 6194688, at *3 (11th Cir. Oct. 22, 2020) (unpublished disposition); *United States v. Bell*, 823 Fed. App'x 283, 284 (5th Cir. 2020) (unpublished disposition).

Absent contrary binding authority, the court concludes that, to the extent it is applicable, § 1B1.13 is the relevant policy statement for considering § 3582(c)(1)(A) motions brought by the defendant. Further, the court agrees with the well-reasoned opinions of several other courts that although the catch-all provision by its terms applies only where the *warden* has found extraordinary and compelling reasons, the court is free to determine for itself whether extraordinary and compelling reasons

exist -- with or without the warden's blessing. *See United States v. Etzel*, 2020 WL 2096423, at *3 (D. Or. May 1, 2020); *United States v. Haynes*, 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases); *United States v. Redd*, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory language, which requires a [catch-all] determination by the BOP Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance.... [R]estricting the Court to those reasons set forth in § 1B1.13 cmt. n.1(A)-(C) would effectively preserve to a large extent the BOP's role as exclusive gatekeeper, which the First Step Act substantially eliminated.").

Even if there are extraordinary and compelling reasons, an inmate may be granted compassionate release only if he is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**Analysis**

The defendant argues that there exist extraordinary and compelling reasons for his release. The government opposes, arguing that the defendant has not established extraordinary and compelling reasons, but that even if he had, the 18 U.S.C. § 3553(a) factors do not favor his release at this time.

4

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must ask the warden of his institution to file a motion for compassionate release on his behalf and either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier.

The defendant submitted his request for compassionate release in July 2020. The government concedes that the motion is exhausted.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

The defendant asserts that his underlying health condition of asthma puts him at an increased risk of COVID-19 complications, and that this justifies a modification of his sentence to allow for early release. The government responds that while moderate to severe asthma might increase the risk of COVID-19 complications,

5

the defendant's medical records do not establish that he has moderate to severe asthma.

The defendant's medical records and PSR do not support a conclusion that he has moderate to severe asthma. They reflect a recurring cough due to allergic bronchitis or asthma for approximately two months a year and use of an inhaler to treat his symptoms. More importantly, however, the defendant has already contracted, and recovered from, COVID-19, and the risk of reinfection is low. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. This is particularly the case where there are not currently any active cases of COVID-19 among inmates in the defendant's institution.[3]

Given the lack of compelling evidence that the defendant has a severe medical condition, the fact he has already contracted COVID-19 and suffered relatively mild symptoms as a result, and the low incidence of COVID-19 in his institution, the court is not persuaded that extraordinary and compelling reasons exist for a sentence modification. But even if they did exist, the court would nevertheless decline to reduce the defendant's sentence after weighing the applicable 18 U.S.C. § 3553(a) factors.

**C. 18 U.S.C. § 3553(a) Factors**

The nature and circumstances of the defendant's offense, which involved trafficking in significant amounts and varying types of drugs, weigh against shortening the defendant's sentence any further. The defendant has served just under 60 percent of his

---

[3] The defendant is housed at FCI Lompoc. BOP statistics reflect no active cases of COVID-19 among inmates as of this date. *See* https://www.bop.gov/coronavirus/ (last accessed Jan. 19, 2021).

6

sentence. A sentence shortened by 40 percent does not sufficiently reflect the magnitude of the defendant's crime and seriousness of the offense, promote respect for the law or provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, or avoid unwarranted sentence disparities. Accordingly, the court concludes that a reduction in sentence is not appropriate based on the applicable § 3553(a) factors.

**Conclusion**

In accordance with the foregoing, the defendant's motion for compassionate release (ECF No. 131) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 19th day of January, 2021.

*[signature: Howard D McKibben]*
UNITED STATES DISTRICT JUDGE